UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE S. PEART,

    Plaintiff,

v.   Case No: 8:23-cv-1493-WFJ-JSS

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to proceed in forma pauperis. (Motion, Dkt. 2.) Upon consideration, it is recommended that the Motion be denied and Plaintiff's Complaint (Dkt. 1) be dismissed.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an in

forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-cv-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed in forma pauperis is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed in forma pauperis in this case. Nonetheless, the undersigned recommends dismissal of Plaintiff's Complaint.

Plaintiff brings this action solely against the State of Florida as the Defendant. (Dkt. 1.) In his statement of federal jurisdiction, Plaintiff asserts that he is entitled to redress for violations of "18 U.S.C. § 242, 25 C.F.R. § 11.404, 20 U.S.C. § 7943, 42

U.S.C. § 1083 9.19, [and] 18 U.S.C. § 3161." (*Id.* at 3.) As to the underlying facts which form the basis for his claims, Plaintiff alleges the following:

> Pertaining to case[ ]#53-2017-MM-008377-A000-BA. I was working on the day of around 9/5/2017 [w]hen me and my ex Angela Brooke Corson got into and (sic) argument about her cheating on me and stealing money from the business. We needed parts at the store so I drove over to get them. I told her to go into the store and grab the parts instead she went in and called the police on me. The[y] showed up detained me and made a false claim that I hit her. I was incacerated (sic) for 3 months while my property signed into my name was taken from me never to be seen again. I was later found innocent of having commiting (sic) the crime of Domestic Violence and released from jail. After my release I found that my ex cleaned me out of almost all my valuables.

(*Id.* at 4.) In his statement for damages, Plaintiff requests $125,000 in monetary damages and approximately $3,100,000 in punitive damages. (*Id.*) Notwithstanding these allegations, Plaintiff's claims against the State of Florida are barred by the Eleventh Amendment.

The Eleventh Amendment "immunizes an unconsenting state from suits brought in federal court" by private citizens. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)). As such, a federal court may not exercise jurisdiction over a suit filed by a citizen against a state unless "the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) (citing *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995)).

Here, Plaintiff is attempting to sue the State of Florida for damages. Plaintiff, however, provides no basis explaining why sovereign immunity under the Eleventh Amendment would not bar his claims. To the extent he relies on any of the statutes he lists as the basis for jurisdiction, he fails to explain how any of those statutes—many of them federal criminal statutes—provide a basis to sue Defendant. As such, the undersigned finds Plaintiff's claims are barred by the Eleventh Amendment, and should be dismissed as frivolous pursuant to § 1915. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) (noting "the absolute immunity of the defendant would justify the dismissal of a claim as frivolous").

Moreover, to the extent Plaintiff is attempting to assert a 42 U.S.C. § 1983 claim against the State of Florida, such a claim is also deficient. Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. *See Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017). Thus, any construed § 1983 claim Plaintiff attempts to bring against the State of Florida would be barred by the Eleventh Amendment. *See Marsh v. Fla. Dep't of Corr. Bureau of Servs.*, 323 F. App'x 885, 886 (11th Cir. 2009) ("The Eleventh Amendment bars § 1983 claims against the States in federal court."); *Grimes v. Florida*, No. 6:14-cv-244, 2014 WL 1331045, at *5–6 (M.D. Fla. April 1, 2014) (dismissing a § 1983 claim against the State of Florida because of Eleventh Amendment immunity).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED**.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.[1]

**IT IS SO REPORTED** in Tampa, Florida, on July 12, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the Court's website at https://www.flmd.uscourts.gov/local-rules. To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: https://www.fedbar.org/prosehandbook.

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable William F. Jung
Counsel of Record