UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE S. PEART,

    Plaintiff,

v.                                                         Case No: 8:23-cv-1493-WFJ-JSS

STATE OF FLORIDA, ANGELA
CORSON and RYAN J. DRIESLER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to proceed in forma pauperis. (Motion, Dkt. 13.) Upon consideration, it is recommended that the Motion be denied and Plaintiff's Amended Complaint (Dkt. 11) be dismissed.

### APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide

necessities for himself and his dependents." *Id.*  As such, a court may not deny an in forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-cv-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed in forma pauperis is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the motion, it appears that Plaintiff is financially eligible to proceed in forma pauperis in this case.  Nonetheless, the court recommends dismissal of Plaintiff's Amended Complaint.

The first Defendant named in the Amended Complaint is the State of Florida. (Dkt. 11 at 2.)  In his statement of federal jurisdiction, Plaintiff asserts that he is entitled to redress for violations of "18 USC §242, 25 CFR 11.404, 18 USC 1621, 20 USC §

7943, 42 USC § 1083 9.19, 18 USC § 3161, [and] 10 USC §921 Grand Larceny." (*Id.* at 3.) As to the underlying facts which form the basis for his claims, Plaintiff alleges the following:

> Pertaining to case[ ]#53-2017-MM-008377-A000-BA Verdict: Null Prossequi.  I was working on the day of around 9/5/2017 [w]hen me and my ex Angela Brooke Corson got into and (sic) argument about her cheating on me and stealing money from the business.  We needed parts at the store so I drove over to get them.  I told her to go into the store and grab the parts instead she went in and called the police on me.  The[y] showed up detained me and made a false claim that I hit her.  I was incacerated (sic) for 3 months while my property signed into my name was taken from me never to be seen again.  I was later found innocent of having commiting (sic) the crime of Domestic Violence and released from jail.  After my release I found that my ex cleaned me out of almost all my valuables.

(*Id.* at 4.)  In his statement for damages, Plaintiff requests $135,910 in monetary damages and $9,854,090 in punitive damages.  (*Id.*)  Notwithstanding these allegations, Plaintiff's claims against the State of Florida appear to be barred by the Eleventh Amendment.

The Eleventh Amendment "immunizes an unconsenting state from suits brought in federal court" by private citizens. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)).  As such, a federal court may not exercise jurisdiction over a suit filed by a citizen against a state unless "the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F.

App'x 493, 495 (11th Cir. 2017) (citing *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995)).

Here, Plaintiff sued the State of Florida for damages. Plaintiff, however, provides no basis explaining why sovereign immunity under the Eleventh Amendment would not bar his claims. To the extent he relies on any of the statutes he lists as the basis for jurisdiction, he fails to explain how any of those statutes—many of them federal criminal statutes—provide a basis to sue Defendant. As such, Plaintiff's claims against the State of Florida are barred by the Eleventh Amendment, and should be dismissed as frivolous pursuant to § 1915. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) (noting "the absolute immunity of the defendant would justify the dismissal of a claim as frivolous").

Moreover, to the extent Plaintiff is asserting a 42 U.S.C. § 1983 claim against the State of Florida, such a claim is also deficient. Section 1983 does not abrogate state sovereign immunity for damage suits, and Florida has not waived its immunity from § 1983 suits. *See Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017). Plaintiff has not identified an exception to the sovereign immunity waiver. Thus, absent waiver, Plaintiff's § 1983 claim against the State of Florida is barred by the Eleventh Amendment. *See Marsh v. Fla. Dep't of Corr. Bureau of Servs.*, 323 F. App'x 885, 886 (11th Cir. 2009) ("The Eleventh Amendment bars § 1983 claims against the States in federal court."); *Grimes v. Florida*, No. 6:14-cv-244, 2014 WL 1331045, at *5–6 (M.D. Fla. Apr. 1, 2014) (dismissing a § 1983 claim against the State of Florida because of Eleventh Amendment immunity).

The Amended Complaint also names Plaintiff's former girlfriend and a police officer with the Bartow, Florida Police Department as Defendants in the case. (Dkt. 11 at 2.)  Nevertheless, Plaintiff's Amended Complaint does not comply with the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"  Subject matter jurisdiction in a federal court may be based on either diversity jurisdiction or federal question jurisdiction.  *Walker v. Sun Tr. Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010).  Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To invoke federal question jurisdiction, plaintiff must plead a cause of action created by federal law, such as a violation of a federal statute, or state law claims that implicate significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Datue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Here, Plaintiff's Amended Complaint lists several federal statutes, ranging from teacher liability to military law. (Dkt. 11 at 3.)  Plaintiff's Amended Complaint fails to explain how those statutes create a cause of action against any of the Defendants, or whether any of the statutes were violated.  As a result, Plaintiff has failed to properly invoke the court's jurisdiction.

Moreover, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Plaintiff's Amended Complaint contains no such statement.  In fact, the "Statement of Claim" in the Amended Complaint is nearly unchanged from Plaintiff's initial Complaint, which the court

found insufficient to state a claim. (Dkt. 11 at 4; Dkt. 1 at 4.) As Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. 8, it is due to be dismissed.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 13) be **DENIED**.

2. Plaintiff's Amended Complaint (Dkt. 11) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida, on September 11, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable William F. Jung
Counsel of Record